John P. Fuller, Esq.
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Tel. (305) 891-5199
jpf@fullerfuller.com

Kara W. Edmunds, Esq.
Edmunds Law Firm
2280 Forest Avenue
Boulder, CO  80304
Tel. (336)509-1818
kara@kwelaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | | |
|---|---|---|
| JAIME GENTRY, as Mother and Natural Guardian of RG, a minor, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. |
| vs. | : | |
| | : | |
| EPHESIANS 320 PARTNERS LLC, a Colorado Limited Liability Company, | : | |
| | : | |
| | : | |
| Defendant. | : | |

_____/

**COMPLAINT**

Plaintiff JAIME GENTRY, as Mother and Natural Guardian of RG, a minor, on his behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, EPHESIANS 320 PARTNERS LLC, a Colorado Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. (ADA) and the Colorado Anti-Discrimination Act

1

("CADA"), Colo. Rev. Statutes 24-34-60, et seq.

## COUNT I
## VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, *et seq.*

1.      Plaintiff, Jaime Gentry, and her son RG, a minor, reside in Parkland, Florida, in the County of Broward.

2.      Defendant's property, Days Inn & Suites - Golden/Denver West, is located at 15059 W. Colfax Ave., Golden, CO 80401, in the County of Jefferson.

3.      Venue is properly located in the District of Colorado because venue lies in the judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant=s violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

**5.**      Plaintiff, Jaime Gentry, as mother and natural guardian of RG, a minor, is a Florida resident, is sui juris.  Her son, RG, is disabled as defined by the ADA.  RG, born 2004, has a very complex medical history including multiple heart surgeries for hypoplastic left heart.  He also has a history of chronic back pain and scoliosis related to this.  It is medically necessary for him to have a scooter style wheelchair.  RG cannot walk more than 30 feet without the use of a wheelchair.

6.      Ms. Gentry and her family, including her son RG, regularly travel to Colorado to visit her cousins who live in Northglenn, Colorado and Arvada, Colorado, and to enjoy the beauty, cultural and recreational activities that the state of Colorado offers.

7.      Ms. Gentry and her son, RG, were hotel guests of the subject Days Inn & Suites –
Golden / Denver West, Golden, Colorado on May 24-25, 2021.  Ms. Gentry grew up for a
portion of her life in Westminster and Erie, Colorado.  She and RG have been to Golden,
Colorado several times to visit the city, enjoy the Coors Brewery, and in conjunction with
visiting their cousins, and as a destination to then further travel to the mountains and elsewhere.

8.      Ms. Gentry and her son, RG, definitely intend to continue to travel to Colorado on
a regular basis, including Golden, Colorado, and definitely intend in the near future, to return to
the subject hotel when it brought into compliance with the ADA, as a place for overnight
accommodations, and to confirm the facility is brought into compliance with the ADA.

9.       The ADA violations as set forth herein, have endangered RG's safety, and will in
the future continue to endanger his safety, until the barriers are corrected.

10.     Defendant owns, leases, leases to (or operates) a place of public accommodation
as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and
36.104.  Defendant is responsible for complying with the obligations of the ADA.  The place of
public accommodation that the Defendant owns, operates, leases or leases to is known as Days
Inn & Suites - Golden/Denver West, and is located at 15059 W. Colfax Ave., Golden, CO 80401.

11.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination
from the Defendant's non-compliance with the ADA with respect to this property as described
but not necessarily limited to the allegations in paragraph 13 of this complaint.  Plaintiff has
reasonable grounds to believe that he will continue to be subjected to discrimination in violation
of the ADA by the Defendant.  Plaintiff desires to visit the subject property not only to avail
herself of the goods and services available at the property, but to assure herself that this property
is in compliance with the ADA so that she and others similarly situated will have full and equal

3

enjoyment of the property without fear of discrimination.

12.    The Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

13.    The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A preliminary inspection of Days Inn & Suites - Golden/Denver West has shown that violations exist.   These violations that Plaintiff personally encountered or observed include, but are not limited to:

**Accessible Routes**

A.    The access aisle is not 60 inches wide as required making it difficult for the Plaintiff to traverse, in violation of Section 502.3.1 in the 2010 ADA Standards, whose resolution is readily achievable.

**Parking**

A.    There are vertical changes in level from the accessible parking to the sidewalk making it difficult for the Plaintiff to traverse, in violation of Section 303.2 in the 2010 ADA Standards, whose resolution is readily achievable.

**Entrances**

A.    The lobby entrance has a beveled threshold that exceeds the ½ inch maximum allowance making it difficult for the Plaintiff to traverse, in violation of Sections 302, 303.3, and 404.2.5 in the 2010 ADA Standards, whose resolution is readily achievable.

**Common Area**

A.    The service counter does not provide a lowered section of the counter that is 36 inches above the finish floor and 36 inches wide as required making it difficult for the Plaintiff to utilize, in violation of Section 904.4 in the 2010 ADA Standards, whose resolution is readily achievable.

**Public Men's Restroom**

A.      The side wall grab bar does not extend 54 inches from the rear wall as required making it difficult for the Plaintiff to utilize, in violation of Section 604.5.1 in the 2010 ADA Standards, whose resolution is readily achievable.

B.      The rear wall grab bar is missing making it difficult for the Plaintiff to utilize the toilet, in violation of Section 604.5.2 in the 2010 ADA Standards, whose resolution is readily achievable.

C.      The toilet is obstructing the clear floor space for an approach to the toilet seat cover dispenser and the dispenser exceeds the maximum height of 48 inches above the finished floor to the operable mechanism making it difficult for the Plaintiff to use, in violation of Sections 305.3, 305.5, 308.2, 308.3, 309.3, and 604.7 in the 2010 ADA Standards, whose resolution is readily achievable.

D.      The toilet paper dispenser is not in the compliant range of 7 inches minimum and 9 inches maximum in front of the water closet to the middle of the dispenser as required making it difficult for the Plaintiff to use, in violation of Section 604.7 in the 2010 ADA Standards, whose resolution is readily achievable.

E.      The accessible stall door is missing a u-shaped pull on the inside of the door as required making it difficult for the Plaintiff to operate, in violation of Section 604.8.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.

F.      The toilet compartment stall door is not self-closing as required making it difficult for the Plaintiff to utilize, in violation of Section 604.8.1.2 in the 2010 ADA Standards, whose resolution is readily achievable.

G.      The toilet does not provide the 60 inches of clear floor space perpendicular from the side wall as required making it difficult for the Plaintiff to utilize, in violation of Section 604.3.1 in the 2010 ADA Standards, whose resolution is readily achievable.

**Guest Room 156**

A.      The security latch exceeds the maximum height allowance of 48 inches above the finish floor making it difficult for the Plaintiff to utilize, in violation of Section 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

B.      The curtain rods require tight grasping, pinching, and twisting of the wrist making it difficult for the Plaintiff to operate, in violation of Section 309.4 in the 2010 ADA Standards, whose resolution is readily achievable.

C.      The shelf and iron exceed the maximum height allowance of 48 inches above the finish floor making it difficult for the Plaintiff to reach, in violation of Section 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

D.      The coat hook exceeds the maximum height allowance of 48 inches above the finish floor making it difficult for the Plaintiff to reach, in violation of Sections 309.3 and 603.4 in the 2010 ADA Standards, whose resolution is readily achievable.

E.      The bathroom has a lock that requires tight pinching and twisting of the wrist to operate making it difficult for the Plaintiff to utilize, in violation of Section 309.4 in the 2010 ADA Standards, whose resolution is readily achievable.

F.      The towel shelf is obstructed by the bathtub seat and exceeds the maximum height allowance of 48 inches above the finish floor making it difficult for the Plaintiff to reach the towels, in violation of Sections 308.2, 308.3, 309.3 and 603.4 in the 2010 ADA Standards, whose resolution is readily achievable.

G.      The side wall grab bar does not extend 54 inches from the rear wall as required making it difficult for the Plaintiff to utilize, in violation of Section 604.5.1 in the 2010 ADA Standards, whose resolution is readily achievable.

H.      The bathtub controls are not located between the bathtub rim and grab bar, and between the open side of the bathtub and the centerline of the width of the bathtub as required making it difficult for the Plaintiff to utilize, in violation of Section 607.5 in the 2010 ADA Standards, whose resolution is readily achievable.

I.      The bathtub controls require tight grasping and twisting of the wrist making it difficult for the Plaintiff to operate, in violation of Section 309.4 in the 2010 ADA Standards, whose resolution is readily achievable.

J.      The shower spray unit does not provide an on/off control with a non-positive shut off as required making it difficult for the Plaintiff to utilize, in violation of Section 607.6 in the 2010 ADA Standards, whose resolution is readily achievable.

6

K.    The adjustable-height shower head on the vertical bar exceeds the maximum height allowance of 48 inches above the finish floor to the operable mechanism making it difficult for the Plaintiff to use, in violation of Section 309.4 in the 2010 ADA Standards, whose resolution is readily achievable.

L.    The bathtubs grab bars are not in the compliant locations on the walls as required making it difficult for the Plaintiff to utilize, in violation of Section 607.4.2 in the 2010 ADA Standards, whose resolution is readily achievable.

M.    There toilet does not provide 60 inches of clear floor space perpendicular from the side wall due to the obstruction of the lavatory making it difficult for the Plaintiff to utilize, in violation of Sections 604.3.1 and 604.3.2 in the 2010 ADA Standards, whose resolution is readily achievable.

N.    The tissue box is obstructing the 12 inches of spacing above the rear wall grab bar making it difficult for the Plaintiff to utilize, in violation of Section 609.3 in the 2010 ADA Standards, whose resolution is readily achievable.

**Maintenance**

A.    The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR § 36.211.

**Number and Dispersion of Wheelchair Accessible Guest Rooms**

A.    The facility fails to provide the number of compliant disabled rooms for wheelchair users, including disabled rooms with roll-in showers as required by Section 224.2 of the 2010 Accessibility Standards, and fails to disperse same among the various classes of guest rooms, and provide choice of types of guest rooms, number of beds, and other amenities comparable to the choices provided to other guests, as required by Standard 224.5.

14.    All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

15.    The discriminatory violations described in paragraph 13 are not an exclusive list of the Defendant=s ADA violations.  Plaintiff requires the inspection of the Defendant=s place of

7

public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant=s ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

16.     Defendant has discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction.

Plaintiff has retained the undersigned counsel and is entitled to recover attorney=s fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

18.      Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant=s place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant=s facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

19.      Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

20.      Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the subject facility to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.       The Court issue a Declaratory Judgment that determines that the Defendant at the

commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.

b.  Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.  An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

e.  The Order shall further require the Defendant to maintain the required accessible features on an ongoing basis.

## COUNT II
## VIOLATION OF COLORADO ANTI-DISCRIMINATION ACT ("CADA")
### (Colo. Rev. Stat. § 24-34-601, *et seq.*)

21.  Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as fully set forth herein.

10

22.     Under the CADA:

It is a discriminatory practice and unlawful for a person, directly or indirectly, to refuse, withhold from, or deny to an individual or a group, because of disability. . . , the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation[.]   Colo. Rev. Stat. § 24-34-601(2).

23.     Pursuant to the implementing state regulations, the CADA is "substantially equivalent to Federal law, as set forth in the Americans with Disabilities Act . . ."  3 CO ADC 708-1:60.1(B).  The regulations further provide that "[w]henever possible, the interpretation of state law concerning disability shall follow the interpretations established in Federal regulations adopted to implement the Americans with Disabilities Act . . . and in the Federal case law interpreting the Americans with Disabilities Act . . ."  3 CO ADC 708-1:60.1(C).

24.     As set forth above, Defendant has violated the CADA by denying individuals who use wheelchairs the full and equal enjoyment of the goods, facilities, services and accommodations of the Days Inn & Suites - Golden/Denver West.

25.     Defendant's violations of the CADA have harmed Plaintiff and will continue to harm Plaintiff in the absence of the injunction sought herein.

26.     Plaintiff has been damaged and will continue to be damaged by Defendant's violations of the CADA.

27.     Any Person who violates Section 24-34-601 "shall forfeit and pay a sum of not less than fifty dollars nor more than five hundred dollars to the person aggrieved thereby . . ." Colo. Rev. Stat. § 24-34-602(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

A.     That this Court assume jurisdiction;

11

B.      That this Court issue an injunction ordering Defendant to comply with the ADA and the CADA;

C.      That this Court award monetary damages to Plaintiff Jaime Gentry, as Mother and Natural Guardian of RG, a minor, to the maximum extent permitted;

D.      That this Court award Plaintiff's reasonable attorneys' fees, litigation expenses and costs;  and

E.      That this Court award such additional or alternative relief as may be just, proper and equitable.

F.      The Order shall further require the Defendant to maintain the required accessible features on an ongoing basis.

Respectfully submitted,

*/s/*Kara W. Edmunds
Kara W. Edmunds, Esq.
Edmunds Law Firm
2280 Forest Avenue
Boulder, CO  80304
Tel. (336)509-1818
kara@kwelaw.com

John P. Fuller, Esq.
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Tel. (305) 891-5199
jpf@fullerfuller.com

Attorneys for Plaintiff Jaime Gentry, as Mother
and Natural Guardian of RG, a minor