**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-02241-SKC

JAIME GENTRY,

    Plaintiff,

v.

EPHESIANS 320 PARTNERS LLC,

    Defendant.

---

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

---

Defendant, Ephesians 320 Partners LLC, by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 12, answers Plaintiff's Complaint and presents the following defenses:

**COUNT I**

1. Defendant is presently without knowledge sufficient to form a belief as to the allegations in this paragraph of the Amended Complaint and therefore denies them.

2. Defendant denies the allegations in this paragraph of the Amended Complaint.

3. Defendant admits the allegations in this paragraph of the Amended Complaint.

4. Defendant admits that this Court has original jurisdiction over Plaintiff's ADA claim, and supplemental jurisdiction over Plaintiff's negligence claim. Defendant denies the remaining allegations set forth in this paragraph of the Amended Complaint.

5. Defendant is presently without knowledge sufficient to form a belief as to the allegations in this paragraph of the Amended Complaint and therefore denies them.

6. Defendant is presently without knowledge sufficient to form a belief as to the allegations in this paragraph of the Amended Complaint and therefore denies them.

7. Defendant is presently without knowledge sufficient to form a belief as to the allegations in this paragraph of the Amended Complaint and therefore denies them.

8. Defendant denies the allegations in this paragraph of the Amended Complaint.

9. Defendant denies the allegations in this paragraph of the Amended Complaint.

10. Defendant admits that it owns and/or operates a property located at 15059 W. Colfax Avenue, Golden, CO 80401, and that certain areas of this property are open to the public. Defendant denies the remaining allegations set forth in this paragraph of the Amended Complaint.

11. Defendant denies the allegations in this paragraph of the Amended Complaint.

12. Defendant denies the allegations in this paragraph of the Amended Complaint.

13. Defendant denies the allegations in this paragraph of the Amended Complaint.

14. Defendant denies the allegations in this paragraph of the Amended Complaint.

15. Defendant denies the allegations in this paragraph of the Amended Complaint.

16. Defendant denies the allegations in this paragraph of the Amended Complaint.

17. Defendant denies the allegations in this paragraph of the Amended Complaint.

18. Defendant denies the allegations in this paragraph of the Amended Complaint.

19. The allegations in this paragraph of the Amended Complaint call for legal conclusions and therefore no response is required.

20. Defendant admits that 42 U.S.C. § 12188 provides this Court authority to grant injunctive relief to certain plaintiffs in certain cases of violations of 42 U.S.C. §§ 12182(b)(2)(A)(iv) and 12183(a). Defendant denies that Plaintiff in the present case is entitled to injunctive relief or any relief at all.

Defendant denies that Plaintiff is entitled to the relief requested in the "Wherefore" clause following Paragraph 20 and further denies that Plaintiff is entitled to any relief at all.

## COUNT II

21. Defendant repeats and reasserts each of its responses set forth in the paragraphs 1 through 20 as if set forth in full herein.

22. The allegations in this paragraph of the Amended Complaint consist of propositions of law to which no response is required. Answering further, Defendant states that the CADA speaks for itself.

23. The allegations in this paragraph of the Amended Complaint consist of propositions of law to which no response is required. Answering further, Defendant states that the CADA speaks for itself.

24. Defendant denies the allegations in this paragraph of the Amended Complaint.

25. Defendant denies the allegations in this paragraph of the Amended Complaint.

26. Defendant denies the allegations in this paragraph of the Amended Complaint.

27. The allegations in this paragraph of the Amended Complaint consist of propositions of law to which no response is required. Answering further, Defendant states that the CADA speaks for itself.

Defendant denies that Plaintiff is entitled to the relief requested in the "Wherefore" clause following Paragraph 27 and further denies that Plaintiff is entitled to any relief at all.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff made no pre-suit effort to obtain voluntary remediation of any alleged barriers to access. Therefore, even she prevails in this action, Plaintiff should not be awarded

attorneys' fees and costs. *See Macort v. Checker Drive-In Restaurants, Inc.,* No. 8:03-CV-1328-T-30EAJ, 2005 WL 332422 (M.D. Fla. Jan. 28, 2005).

2.  Plaintiff lacks standing as she cannot demonstrate a real and immediate threat of future harm.

3.  Plaintiff lacks standing as she cannot demonstrate she suffered an actual injury due to Defendant's conduct, and that the injury is likely to be redressed by a favorable court decision.

4.  Plaintiff's claims are or will become moot before this action is finally adjudicated as Defendant either has removed, or will remove, any actual barrier to access identified in Plaintiff's Amended Complaint to the extent such barrier removal is readily achievable and technically feasible, or otherwise required under the ADA.

5.  Plaintiff lacks clean hands, barring equitable remedies, to the extent that the primary motive in filing this action is the generation of attorneys' fees and expert witness payments.

6.  The removal of the architectural barriers sought by Plaintiff is not readily achievable.

7.  The alleged architectural barriers are *de minimis* and do not materially impact Plaintiff's ability to use any physical space, or they were built within construction industry tolerances.

8.  Plaintiff's Amended Complaint fails to the extent that her sought-after alteration is technically infeasible.

9.  Plaintiff's claims are barred to the extent that, with respect to any particular architectural element of the Hotel that departs from accessibility guidelines, the Hotel has provided

"equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facility.

10. Plaintiff's claims are barred to the extent the barrier removal Plaintiff seeks involve features of the Hotel that were built before January 26, 1993 and were not altered within the meaning of the ADA and/or the alterations did not trigger additional modifications, including because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

11. Plaintiff's Amended Complaint and all purported claims for relief alleged in the Amended Complaint are barred to the extent that they rely on events that occurred before the period captured by the running of the applicable statute of limitations.

12. Plaintiff's Amended Complaint and all purported claims for relief alleged in Plaintiff's Amended Complaint are barred to the extent the alleged violations of law are excused, exempted or justified under the statutes under which Plaintiff has sued.

13. Plaintiff's Amended Complaint and each claim for relief alleged in the Amended Complaint are barred, in whole or in part, to the extent that Plaintiff's injury or injuries, if any, was/were caused by third parties acting outside the scope of agency, employment or control of Defendant.

14. Plaintiff's claims are barred to the extent that Defendant does not operate or control, nor has the right to operate and control, portions of the Hotel owned, operated, leased or controlled by third parties.

15. Plaintiff's claims are barred to the extent that Plaintiff has failed to name an indispensable party that owns, operates and/or controls the Hotel elements, features, or manners of operation that are alleged in the Complaint, without such party complete relief cannot be had.

16. Plaintiff's claims are barred because Plaintiff failed to request a reasonable modification of policies, practices or procedures and/or failed to request an auxiliary aid or service.

17. Plaintiff's claims in the Amended Complaint are barred on the ground and to the extent that they complain of policies, practices and procedures, without which there would be a fundamental alteration of the nature of the goods, services, facilities, privileges, advantages, or accommodations to which Plaintiff claims a lack of equal access.

18. Plaintiff's claims in the Amended Complaint are barred on the ground and to the extent that they complain of a failure to take steps to ensure that Plaintiff is not denied equal access to goods, services, facilities, privileges, advantages, or accommodations because the taking of such steps would result in an undue financial and/or administrative burden.

19. Plaintiff has failed to mitigate or to reasonably attempt to mitigate her damages, if any, particularly to the extent Plaintiff was aware of any alleged barriers to access and failed to use alternative accessible accommodations and/or means of access and to the extent Plaintiff alleges multiple claims for the same accessibility violation on different occasions and failed to alter her conduct.

20. Plaintiff's Amended Complaint and each claim for relief alleged in the Amended Complaint are barred because Plaintiff is estopped by her own conduct to claim any right to damages or any relief against Defendant.

21. Defendant reserves the right to add additional defenses that may become applicable while discovery proceeds.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Amended Complaint with prejudice, award Defendant its costs and reasonable attorneys' fees

incurred in this action, and provide any such other and further relief as this Court deems just and proper.

Respectfully submitted this 26th day of October 2021.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*s/ Jennifer S. Rusie*
Jennifer S. Rusie
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN  37219-2446
Telephone:  615-254-1900
Facsimile:  615-254-1908
jennifer.rusie@ogletree.com
*Attorneys for Defendant  Ephesians 320 Partners LLC*

7

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 26th day of October 2021, I electronically filed the foregoing Answer to Amended Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

John P. Fuller
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL  33181

Kara W. Edmunds
Edmunds Law Firm
2280 Forrest Avenue
Boulder, CO  80304

                                             s/ Jennifer S. Rusie